1 Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
2 Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
3 Tracy Tien (State Bar No. 253930)
ttien@finkelsteinthompson.com
4 **FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
5 San Francisco, CA 94104
Telephone: (415) 398-8700
6 Facsimile: (415) 398-8704
7
8 Counsel for Plaintiffs Todd Densmore and Antal Herz

9 [Additional Counsel Listed on Signature Page]

10 **UNITED STATES DISTRICT COURT**

11 **NORTHERN DISTRICT OF CALIFORNIA**

12 | TODD DENSMORE and ANTAL HERZ, on | CASE NO. CV 10 1945
13 | behalf of themselves and all others similarly
14 | situated, | **CLASS ACTION COMPLAINT**

15 | Plaintiffs, | **DEMAND FOR JURY TRIAL**

16 | v.

17 | SONY COMPUTER ENTERTAINMENT
18 | AMERICA, INC., a Delaware corporation,

19 | Defendant.

20

21    Plaintiffs Todd Densmore and Antal Herz, on behalf of themselves and all others

22 similarly situated, based on personal knowledge, the investigation of their counsel, and on

23 information and belief, allege the following against Defendant Sony Computer Entertainment

24 America, Inc. ("Sony" or "Defendant"):

25 //

26 //

27 //

28

---

1

**NATURE OF ACTION**

1. Since Sony introduced the PlayStation 3 ("PS3") in 2006, one of its advertised features included the "Install other OS" function that allowed users to install and run other operating systems such as Linux.

2. On April 1, 2010, Sony released a PS3 firmware update version 3.21 ("Firmware 3.21") for the specific purpose of disabling the "Install Other OS" function. PS3 users who do not install Firmware 3.21 lose the ability to sign on to the PlayStation Network ("PSN"), play online games, access other online features, and play PS3 games or Blu-Ray discs that require Firmware 3.21 or higher.

3. Defendant intentionally accessed PS3 systems and intentionally transmitted Firmware 3.21 with the knowledge and intent of disabling its advertised "Install Other OS" function.

4. Plaintiffs paid for PS3 features and functions that Defendant has rendered inoperable as a result of Firmware 3.21.

5. Defendant's actions have resulted in injury in fact and lost money or property to Plaintiffs. Plaintiffs, on behalf of themselves and the proposed Class (as defined in paragraph 33 below), hereby seek damages and other relief the Court deems just.

**PARTIES**

6. Plaintiff Todd Densmore is a citizen and individual residing in Cumming, Georgia. Plaintiff Densmore bought a PS3 developed, marketed, and distributed by Defendant. Plaintiff Densmore installed Firmware 3.21 as required by Defendant to operate certain functions and to access certain games and thereafter lost the ability to use other operating systems. Plaintiff Densmore has suffered injury in fact and has lost money and/or property as a result of the unlawful conduct alleged herein.

7.     Plaintiff Antal Herz is a citizen and individual residing in San Francisco, California. Plaintiff Herz bought a PS3 developed, marketed, and distributed by Defendant.  Plaintiff Herz installed Firmware 3.21 as required by Defendant to operate certain functions and to access certain games and thereafter lost the ability to use other operating systems.  Plaintiff Herz has suffered injury in fact and has lost money and/or property as a result of the unlawful conduct alleged herein.

8.     Defendant Sony Computer Entertainment America Inc. ("Sony" or "Defendant") develops, markets, and sells PlayStation gaming consoles, including the models at issue in this litigation, in the United States and Canada.  It was founded as the North American Division of Sony Computer Entertainment Inc.  Defendant is a Delaware company headquartered in Foster City, California.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from the Defendant; there are more than 100 Class members nationwide; and the aggregate amount in controversy exceeds $5,000,000.  This court has personal jurisdiction over the parties because Defendant conducts substantial business in this State, has had systematic and continuous contacts with this State, and has agents and representatives that can be found in this State.

10.     Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred within this District, Defendant has caused harm to Class members residing within this District, and Defendant maintains its headquarters in this District.

//

**INTRADISTRICT ASSIGNMENT**

11.     Pursuant to Local Rules 3-2(c) and 3-5(b), this action should be assigned to the San Francisco Division of California because Defendant resides in the County of San Mateo.

**FACTUAL ALLEGATIONS**

**Sony and PS3 Background**

12.     Defendant, Sony Computer Entertainment America, Inc. was founded in 1994 as the North American division of Sony Computer Entertainment Inc. and according to its website, is responsible for the "continued growth of the PlayStation® market in the United States and Canada."

13.     In 1995, the original PlayStation game console was introduced in the United States. More than 100,000 units were sold during its debut weekend and more than one million units were sold within the first six months.

14.     On November 17, 2006, Defendant introduced the PS3, touting it as "the most advanced computer system that serves as a platform to enjoy next generation computer entertainment." Defendant advertised, marketed, and sold PS3 systems as including a built-in Blu-ray disc player, the ability to go online to access the PSN and play against other players, and the ability to install other operating systems.[1] The ability to play Blu-ray discs and install other operating systems is unique to the PS3 among other video games consoles.

15.     The manufacturer's suggested retail price for the PS3 has ranged from approximately $300 to $600. Defendant has reportedly sold approximately 23 million PS3 systems.

16.     The video game console and game industry is a multi-billion dollar market. Game console manufacturers such as Defendant fiercely compete with one another to market their

---

[1] Open Platform for PLAYSTATION®3, http://www.playstation.com/ps3-openplatform/index.html

CLASS ACTION COMPLAINT

1　game consoles with the latest features to consumers and to bring lucrative games to the market.

2　The PS3 competes with other video game consoles such as Microsoft's Xbox 360 and the

3　Nintendo Wii. The ability to install other operating systems and the inclusion of a built-in Blu-

4　ray Disc player is unique to the PS3 among other video game consoles.

5

6　**Sony Markets PS3's "Install Other OS" Feature**

7　17.　Amongst the PS3's features includes the "Open Platform" or "Install Other OS"

8　feature. Defendant's website provides, "[t]here is more to the PLAYSTATION®3 (PS3™)

9　computer entertainment system than you may have assumed. In addition to playing games,

10　watching movies, listening to music, and viewing photos, you can use the PS3™ system to run

11　the Linux operating system. By installing the Linux operating system, you can use the PS3™

12　system not only as an entry-level personal computer with hundreds of familiar applications for

13　home and office use, but also as a complete development environment for the Cell Broadband

14　Engine™ (Cell/B.E.)."[2]

15

16　18.　The "Install Other OS" feature allowed Plaintiffs and other PS3 users to run a number

17　of web browsers, which provide more functionality than the one browser Defendant has in its

18　native PS3 operating system. For example, users could also run word processor software,

19　spreadsheet software, and email software on other operating systems. The "Install Other OS"

20　feature also allowed Cell programming and the operation of supercomputer clusters.[3] The

21　"Other OS" feature essentially allowed users to operate the PS3 like a computer rather than

22　simply a gaming console.

23

24　//

25

26

27　[2] http://www.playstation.com/ps3-openplatform/index.html

28　[3] Cell is a microprocessor which facilitates software development. The PS3 is the most accessible Cell platform. http://en.wikipedia.org/wiki/Cell_%28microprocessor%29.

19.    Indeed, Sony touted this as a major feature of the PS3. In June 2006, Ken Kutaragi, the president and CEO of Sony Computer Entertainment stated that "[the PS3] is radically different from the previous PlayStation. It is clearly a computer. Indeed, with a game console, you need to take out any unnecessary elements inside the console in order to decrease its cost. . . . This will of course apply to the PS3 as well."[4] He also stated that while ""[l]owering costs is important but more important is its capacity to evolve." *Id.* "Everything has been planned and designed so it will become a computer. The previous PlayStation had a memory slot as its unique interface. In contrast, the PS3 features PC standard interfaces. Because they are standard, they are open." *Id*

20.    In February 2007, Phil Harrison, the President of Sony Computer Entertainment Worldwide Studios at the time, stated in an interview with *Newsweek* videogame journalist, N'Gai Croal, that "[o]ne of the most powerful things about the PS3 is the 'install Other OS' option."[5]

21.    The ability to install other operating systems was a built-in component of the core functionality of the PS3 system and users were able to use this feature out of the box.

22.    At the point of sale, Sony failed to disclose, and/or adequately disclose, to Plaintiffs or Class members that it reserved the right to remove an advertised, built-in feature, like the ability to run other operating systems through a remote firmware update. Defendant's right to remove the "Install Other OS" feature is not disclosed in Defendant's Terms of Service or System Software License Agreement.

---

[4] Kutaragi Details PS3 'Computer' Claim, http://www.edge-online.com/news/kutaragi-details-ps3-computer-claim

[5] 20 Questions With Phil Harrison At DICE, http://kotaku.com/235049/20-questions-with-phil-harrison-at-dice; DICE 2007 Phil Harrison Keynote Pt. 4, http://www.gametrailers.com/video/dice-2007-sony/17006.

23.     The ability to run the other operating systems was considered to be important and material to users.  The PS3 is the only gaming console that allows users to install other operating systems.

24.     Defendant knew that the ability to run other operating systems was considered to be important and material to users.  On or around August 18, 2009, Defendant announced the release of the PS3 "slim" model available on September 1, 2009.  The PS3 slim did not include the ability to install other operating systems.  However, Defendant's PS3-Linux maintainer, Geoffrey Levand, assured users on via email that "SCE [Sony Computer Entertainment] is committed to continue the support for previously sold models that have the 'Install Other OS' feature and that this feature will not be disabled in future firmware releases."[6]

### Sony Disables The "Install Other OS" Feature And Other PS3 Functions

25.     On or around March 28, 2010, Patrick Sebold, Defendant's Senior Director of Corporate Communications and Social Media, announced on Defendant's blog that Firmware 3.21 would be released on April 1, 2010 and its installation "will disable the 'Install Other OS' feature that was available on the PS3 systems prior to the current slimmer models, launched in September 2009.  This feature enabled users to install an operating system, but due to security concerns, Sony Computer Entertainment will remove the functionality through the 3.21 system software update."[7]  Defendant did not specify which security concerns Firmware 3.21 would address.

//

---

[6] Levand's email, as posted by a user on Defendant's blog: Posting of jayyy91, to http://blog.us.playstation.com/2010/03/28/ps3-firmware-v3-21-update/comment-page-33/ (March 29, 2010, 2:50 pm).

[7] http://blog.us.playstation.com/2010/03/28/ps3-firmware-v3-21-update/comment-page-2/#comments

26.     Sebold posted that consumers and organizations that use the "Install Other OS" feature could "choose" not to install Firmware 3.21. However, if a user does not install Firmware 3.21, he or she would lose a number of material PS3 features.[8]

27.     On or about April 1, 2010, Defendant released Firmware 3.21. Defendant stated that Firmware 3.21 would disable the "Install Other OS" feature, improve playback quality of downloaded PlayStation software from the PlayStation Store, and improve security to address security vulnerabilities that may occur when playing MP4 format video files.[9]

28.     However, if a user fails to download Firmware 3.21, he or she will lose the following features: (1) the ability to sign in to the PlayStation®Network; (2) the ability to use online features that require a user to sign in to the PSN, such as chat; (3) the ability to use the online features of PS3 format software; (4) playback of PS3 software or Blu-ray Disc videos that require Firmware 3.21 or later; (5) playback of copyright-protected videos that are stored on a media server; (6) use of new features and improvements that are available on PS3 Firmware 3.21 or later.[10]

29.     Since the ability to play Blu-ray discs and play games online through the PSN are features unique to the PS3 console and important to users, installing Firmware 3.21 is not optional. Even Defendant's console games are increasingly reliant on online updates, online content, and online play. Defendant essentially presented users with a Hobson's Choice, or a "choice" between two equally undesirable alternatives: users would either lose the ability to use other operating systems, an advertised and important feature, or lose the ability to access online,

---

[8] http://blog.us.playstation.com/2010/03/28/ps3-firmware-v3-21-update/comment-page-2/#comments

[9] http://us.playstation.com/support/systemupdates/ps3/index.htm

[10] http://us.playstation.com/support/systemupdates/ps3/ps3_321_update1/index.htm

CLASS ACTION COMPLAINT

1  Blu-ray, and gaming features. On one hand, installing Firmware 3.21 renders the PS3 inoperable

2  for its use as a computer; on the other hand, failure to install Firmware 3.21 basically renders a

3  users' PS3 inoperable for its intended purpose as a gaming and Blu-ray Disc console.

4
5  30. Since Defendant released Firmware 3.21, thousands of users have written complaints

6  on Internet websites and message boards, including the message board Defendant maintains on

7  its website, regarding Firmware 3.21 and its removal of the "Install Other OS" feature.

8  **Plaintiffs' Experiences**

9  31. Plaintiff Densmore purchased a PS3 in 2007. Before his purchase, he saw the "Install

10  Other OS" feature advertised on Defendant's website. He also read blogs and forums on the

11  Internet regarding the PS3's "Install Other OS" feature. Plaintiff Densmore purchased the PS3

12  over other gaming consoles in part because of the ability to run the other operating systems. By

13  using the "Install Other OS" feature, Plaintiff Densmore was able to utilize Cell programming.

14  Plaintiff Densmore was required to download Firmware 3.21 in order to continue his ability to

15  sign on to the PSN, play games online, access certain gaming features, and play Blu-ray Discs.

16  Plaintiff Densmore downloaded Firmware 3.21 and lost the "Install Other OS" feature. As such,

17  Plaintiff Densmore has been damaged as a result of Defendant's conduct.

18  32. Plaintiff Herz purchased a PS3 on October 11, 2008. Before his purchase, he saw the

19  "Install other OS" feature advertised on Defendant's website. He also read blogs and forums on

20  the Internet regarding the PS3's "Install Other OS" feature. Plaintiff Herz purchased the PS3

21  over other gaming consoles in part because of the ability to run the other operating systems. By

22  using the "Install Other OS" feature, Plaintiff Herz was able to run word Processor software,

23  spreadsheet software, email software, other productivity applications, and make his own

24  programs. He could also log back on to Defendant's native operating system and play against

25  users online. Plaintiff Herz was required to download Firmware 3.21 in order to continue his

9

ability to sign on to the PSN, play games online, access certain gaming features, and play Blu-ray Discs.. Plaintiff Herz downloaded Firmware 3.21 and lost the "Other OS" feature. As such, Plaintiff Herz has been damaged as a result of Defendant's conduct.

## CLASS ACTION ALLEGATIONS

33. Plaintiffs Densmore and Herz bring this suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all other similarly situated persons. The Class is initially defined as follows:

**All persons in the United States who purchased a PS3 from November 17, 2006 to March 27, 2010 and continued to own the PS3 on March 27, 2010.**

34. Excluded from the class are Defendant and its subsidiaries and affiliates, and Defendant's executives, board members, legal counsel, and their immediate families.

35. Plaintiffs reserve the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues.

36. Numerosity. The proposed Class is sufficiently numerous, as Defendant has sold millions of PS3 systems to consumers and required those consumers to download the update at issue. The members of the Class are so numerous and dispersed throughout the United States that joinder of all members is impracticable. The Class members can be identified through Defendant's and/or Class members' records.

37. Common Questions of Fact and Law. Common questions of fact and law exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class, pursuant to Federal Rule of Civil Procedure 23(b)(3). Questions of fact and law that predominate over any individual issues include:

      a. Whether Defendant breached its contract with users when it removed the "Install Other OS" feature;

b. Whether Defendant breached the implied covenant of good faith and fair dealing;

c. Whether Defendant advertised the PS3 as having the "Install Other OS" feature;

d. Whether Defendant failed to disclose to users that it could remove the "Install Other OS" feature

e. Whether Defendant represented that firmware updates would not disable the "Install Other OS" feature;

f. Whether Defendant knowingly transmitted Firmware 3.21 with the specific intent of disabling the "Install Other OS" feature;

g. Whether Defendant's conduct violated the Consumers Legal Remedies Act, California Civil Code sections 1750, *et seq*. ("CLRA");

h. Whether Defendant's conduct violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030;

i. Whether Defendant's conduct violated California's Unfair Competition Laws, California Business and Professions Code sections 17200, *et seq.* ("UCL");

j. Whether Defendant's actions violated other common law and statutory duties;

k. Whether Plaintiffs and the members of the Class sustained damage and ascertainable loss as a result of Defendant's conduct as alleged herein;

l. The amount of relief to which the Class is entitled; and

m. The amount of attorneys' fees, prejudgment interest, and costs of suit to which the Class is entitled.

38.     Typicality. Plaintiffs' claims are typical of the claims of Class members because Plaintiffs and the Class sustained damages arising out of the Defendant's wrongful conduct as detailed herein. Specifically, Plaintiffs and Class members' claims arise from Defendant taking away an advertised and paid-for feature on their PS3 consoles.

1     39.    Adequacy. Plaintiffs will fairly and adequately protect the interests of the Class and

2 has retained counsel competent and experienced in class action lawsuits. Plaintiffs have no

3 interests antagonistic to or in conflict with those of Class members and therefore will be

4 adequate as representatives for the Class.

5

6     40.    Superiority. A class action is superior to other available methods for the fair and

7 efficient adjudication of this controversy since joinder of all the members of the Class is

8 impracticable. Furthermore, the adjudication of this controversy through a class action will

9 avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein.

10 There will be no difficulty in the management of this action as a class action.

11

**CAUSES OF ACTION**

12

**COUNT I**

13

14

**Breach of Contract**

15     41.    Plaintiffs incorporate by reference and reallege all paragraphs previously alleged

16 herein.

17     42.    Plaintiffs and Class members purchased the PS3 with the expectation that the PS3

18 included the "Install Other OS" function and that (1) this function would remain for the life of

19 the product, and (2) Defendant would not intentionally remove this function. Plaintiffs and Class

20 members also purchased the PS3 with the expectation that the PS3 would allow them to sign on

21

22 to the PSN, play online games, access other online features, and play PS3 games or Blu-Ray

23 discs, as well as operate programs through the "Install Other OS" function.

24     43.    Plaintiffs and Class members' purchase of the PS3 constituted a contract.

25     44.    Plaintiffs and Class members fulfilled their obligations under the contract by paying

26 the purchase price for the PS3.

27

28

12
CLASS ACTION COMPLAINT

1    45.    Defendant breached the contract by issuing Firmware 3.21 and forcing users to

2  choose between either losing the "Install Other OS" function or losing the ability to sign on to

3  the PSN, play online games, access other online features, and play PS3 games or Blu-Ray discs

4  requiring Firmware 3.21 or higher.

5
     46.    As a direct and proximate result of Defendant's breach of the contract, Plaintiffs and
6
7  Class members have been damaged because they no longer have the PS3 features for which they

8  paid.

9                                  **COUNT II**

10         **Breach of the Implied Covenant of Good Faith and Fair Dealing**

11   47.    Plaintiffs incorporate by reference and reallege all paragraphs previously alleged
12
    herein.
13
     48.    Plaintiffs and Class members purchased the PS3 with the expectation that the PS3
14
15  included the "Install Other OS" function and that (1) this function would remain for the life of

16  the product, and (2) Defendant would not intentionally remove this function.  Plaintiffs and Class

17  members also purchased the PS3 with the expectation that the PS3 would allow them to sign on

18  to the PSN, play online games, access other online features, and play PS3 games or Blu-Ray

19  discs, as well as operate programs through the "Install Other OS" function.

20
     49.    Plaintiffs and Class members fulfilled their obligations under the contract by paying
21
22  the purchase price for the PS3.

23   50.    Defendant issued Firmware 3.21 and forced users to choose between either losing the

24  "Install Other OS" function or losing the ability to sign on to the PSN, play online games, access

25  other online features, and play PS3 games or Blu-Ray discs requiring Firmware 3.21 or higher.

26  Defendant's actions constitute a breach of the implied covenant of good faith and fair dealing.

27

28

51.     As a direct and proximate result of Defendant's breach of contract, Plaintiffs and

Class members have been damaged because they no longer have the PS3 features for which they

paid.

## COUNT III

### Trespass to Chattels

52.     Plaintiffs incorporate by reference and reallege all paragraphs previously alleged

herein.

53.     Defendant acted deliberately and intentionally to remove the "Install Other OS"

functionality, an advertised feature that Plaintiffs and Class members paid for.  Defendant

required Plaintiffs and Class members to install Firmware 3.21 with the threat that other

advertised and paid-for features, such as the ability to play online games and Blu-ray Discs,

would be lost if Plaintiffs and Class members did not install Firmware 3.21.  Defendant

intentionally interfered with the possession of personal property.

54.     Because a failure to install Firmware 3.21 results in the inoperability of a users' PS3

system, Plaintiffs and Class members did not consent to the trespass.

## COUNT IV

### Unjust Enrichment

55.     Plaintiffs incorporate by reference and reallege all paragraphs previously alleged

herein.

56.     Defendant has been monetarily enriched as a result of activities as alleged herein.

57.     Defendant unlawfully received monies that would not have been obtained but for

Defendant's acts as alleged herein, at the expense of the Class.

58.     In purchasing the PS3, Plaintiffs and each member of the Class paid for the ability to

use the "Install Other OS" feature, the ability to Blu-ray Discs, and the ability to access the PSN

1  for online gaming and network features. By issuing Firmware 3.21, regardless of whether a user

2  downloads the software, he or she will lose complete functionality of his or her PS3 console as it

3  was advertised.

4     59.   Defendant has been unjustly enriched as a result of the acts as alleged herein, at the

5  expense of the Class.

6

7     60.   Defendant lacks any legal justification for having engaged in a course of conduct as

8  alleged herein at the expense of Plaintiff and the Class.

9  **COUNT V**

10  **Violation of the Consumers Legal Remedies Act,**

11  **Cal. Civ. Code §§ 1750, *et seq.***

12     61.   Plaintiffs incorporate by reference and reallege all paragraphs previously alleged

13  herein.

14

15     62.   Defendant is a "person" within the meaning of California Civil Code sections 1761(c)

16  and 1770, and provides "goods" within the meaning of Civil Code sections 1761(a) and 1770.

17     63.   Defendant's customers, including Plaintiffs and Class members, are "consumers"

18  within the meaning of California Civil Code sections 1761(d) and 1770. Each purchase of a PS3

19  system by Plaintiffs and each Class member constitutes a "transaction" within the meaning of

20  Civil Code sections 1761(e) and 1770.

21

22     64.   As set forth herein, Defendant's acts, practices, representations, omissions and course

23  of conduct, including its dissemination of Firmware 3.21 to disable the "Install Other OS"

24  feature, violate sections 1770(a)(5), (a)(7), and (a)(9) of the Consumers Legal Remedies Act in

25  that: (a) Defendant represented that goods or services had characteristics, uses, benefits or

26  quantities which they do not have; (b) Defendant represented that goods or services were of a

27

28

15
CLASS ACTION COMPLAINT

1 | particular standard, quality or grade when they were another; and (c) Defendant advertised goods

2 | with intent not to sell them as advertised.

3 | 65. The "Install Other OS" feature was material and important to a consumer in

4 | purchasing the PS3. Plaintiffs relied on Defendant's representations that the PS3 included the

5 | ability to install other operating systems. Plaintiffs and Class members purchased the PS3 in part

6 | because of Defendant's representations and omissions.

7 |

8 | 66. Defendant failed to disclose, and/or inadequately disclosed, that it could disable the

9 | advertised "Install Other OS" feature. Defendant also represented that it would not us a

10 | firmware update to disable the "Install Other OS" feature.

11 | 67. Pursuant to the provisions of California Civil Code section 1780, Plaintiffs seek

12 | injunctive relief in the form of an order requiring Defendant to (1) refrain from requiring users to

13 | install updates that would remove advertised and paid-for features from their PS3 consoles; and

14 | (2) restore users' capability to "Install Other OS."

15 |

16 | 68. Plaintiffs, on behalf of themselves and all Class members, will comply with the

17 | preliminary notice provision of California Civil Code section 1782(a). If Defendant does not

18 | provide Plaintiffs' requested injunctive relief thirty days after the commencement of this action,

19 | Plaintiffs will amend their complaint and include a request for damages in accordance with

20 | California Civil Code section 1782(d).

21 |

22 | ## COUNT VI

23 | ### Violation of the Computer Fraud and Abuse Act

24 | ### 18 U.S.C. § 1030

25 | 69. Plaintiffs incorporate by reference and reallege all paragraphs previously alleged

26 | herein.

27 | 70. The PS3 is a "computer" within the meaning of 18 U.S.C. § 1030(e)(1).

28 |

16

CLASS ACTION COMPLAINT

71.     Plaintiffs' and Class members' PS3 consoles are used in interstate commerce or communication, and are "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2)(B).

72.     Defendant knowingly caused the transmission of software and intentionally caused damage without authorization to Plaintiffs' and Class members' PS3 consoles; and/or intentionally accessed Plaintiffs' and Class members' PS3 consoles without authorization and recklessly caused damage; and/or intentionally accessed Plaintiffs' and Class members' PS3 consoles without authorization and caused damage and loss.

73.     Defendant knowingly caused the transmission of software code and intentionally caused damage without authorization to Plaintiffs' and Class members' PS3 consoles. Defendant knowingly and admittedly released Firmware 3.21 for the specific purpose of removing the "Install Other OS" feature – a feature that Defendant had advertised as part of the console and that Plaintiffs and Class members had paid for. As a result of this knowing transmission, Defendant intentionally caused damage by disabling the "Install Other OS" feature. The damage was unauthorized because a failure to download Firmware 3.21 would result in the loss of other features, as described herein.

74.     Defendant intentionally accessed Plaintiffs' and the Class' PS3 systems and transmitted software without authorization and recklessly caused damage.

75.     Defendant intentionally accessed Plaintiffs and the Class' PS3 systems without authorization and caused damage and loss. Although Plaintiffs and Class members may have authorized a firmware update for security reasons, they did not authorize the disabling of the "Install Other OS" feature. Defendants did not present Plaintiffs and Class members with any actual choice because either downloading Firmware 3.21 or not downloading the update would both result in disabling certain advertised features. Defendant's unauthorized access caused

damage to Plaintiffs' and Class members' PS3 consoles and caused Plaintiffs and Class members to suffer losses, including, but not limited to, the ability use other operating systems and the money paid for this feature. Plaintiffs' and Class members' consoles were reduced in value by Defendant's conduct because a gaming console that allows Defendant to remove and disable advertised and material features is worth less than a gaming console that does not allow these unconsented-to removals.

76.     Through Defendant's intentional transmission of the software and the unauthorized access of Plaintiffs' and Class members' PS3 systems, Defendant impaired the integrity of Plaintiffs' and other individual Class members' systems and removed a feature that Plaintiffs and Class members had paid for. As a direct result of engaging in such acts, Defendant caused damage exceeding an aggregate of $5,000 in value during a one-year period.

**COUNT VII**

**Violation of the False Advertising Law**

**Cal. Bus. and Prof. Code §§ 17200,** *et seq.*

77.     Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

78.     The conduct and actions of Defendant complained of herein constitute false advertising in violation of the False Advertising Law ("FAL"). Cal. Bus. & Prof. Code §§ 17500, *et seq.*

79.     Among other things, Defendant made material representations and failed to disclose or adequately disclose material information regarding the "Install Other OS" feature, the PS3, and Defendant's right to disable this feature, which Defendant knew, or should have known, were likely to cause reasonable consumers to buy PS3s in reliance upon said representation.

18

**CLASS ACTION COMPLAINT**

Defendant intended for Plaintiff and Class members to rely on these representations and Plaintiff and Class members did rely on Defendant's representations.

80.    Defendant committed such violations of the FAL with actual knowledge or knowledge fairly implied on the basis of objective circumstances.

81.    As a result of Defendant's wrongful conduct, Plaintiffs have suffered injury in fact and lost money and/or property.

## COUNT VIII

### Violation of the Unfair Competition Law,

### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

82.    Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

83.    The acts and practices engaged in by Defendant, and described herein, constitute unlawful business practices in that Defendant's practices, as described herein, constitute a breach of contract and breach of the covenant of good faith and fair dealing, violate the California Consumers Legal Remedies Act, California Civil Code sections 1750, *et seq.*, the Consumer Fraud and Abuse Act, 18 U.S.C. § 1030, the FAL, and the common law of trespass to chattels and unjust enrichment.

84.    The acts and practices engaged by Defendant, and described herein, constitute unfair business practices because the justification for Defendant's conduct is outweighed by the gravity of the consequences to Plaintiffs and Class members and Defendant's conduct is immoral, unethical, oppressive, unscrupulous or substantially injurious to Plaintiffs and Class members. In purchasing the PS3, Plaintiffs and each member of the Class paid for the ability to use the "Install Other OS" feature, the ability to play Blu-ray Discs, and the ability to access the PSN for online gaming and network features. By issuing Firmware 3.21, regardless of whether a user

downloads the software, he or she will lose functionality of his or her PS3 console. Defendant's actions violate the spirit of the laws described in Paragraph 82.

85.    The acts and practices engaged by Defendant, and described herein, constitute fraudulent business practices because Defendant advertised the PS3 as including the "Install Other OS" feature and failed to disclose, and/or inadequately disclosed, that Defendant could remove the advertised "Install Other OS" feature by way of firmware update. Defendant's conduct and/or omissions were likely to deceive consumers.

86.    Plaintiffs and all other Class members have suffered injury in fact and have lost money and/or property as a result of Defendant's unfair competition, as more fully set forth herein.

87.    Pursuant to California Business & Professions Code section 17203, Plaintiffs and Class members are therefore entitled to equitable relief, including restitution of all monies paid to Defendant, disgorgement of all profits accruing to Defendant because of its unlawful and unfair business practices, a permanent injunction enjoining Defendant from its unlawful and unfair business activities, and appropriate declaratory relief as described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment on behalf of themselves and the Class as follows:

A. For an order certifying the proposed Class alleged herein under Federal Rule of Civil Procedure 23 and appointing Plaintiffs Densmore and Herz and their counsel of record to represent said Class;

B. For an order awarding suitable injunctive and declaratory relief;

C. For on order directing restitution and/or disgorgement;

D. For an order awarding Plaintiffs and Class members damages against Defendant in an amount to be determined at trial, together with prejudgment interest at the maximum rate allowable by law;

E. For an order awarding Plaintiffs and the Class members the reasonable costs and expenses of suit, including attorneys' fees, and expert witness fees; and

F. For an order granting any additional legal and/or equitable relief this Court deems proper.

## **JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury.

Dated: May 5, 2010

Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

By:_____
    Tracy Tien

Rosemary M. Rivas
Mark Punzalan
100 Bush St., Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Douglas G. Thompson
Mila F. Bartos
**FINKELSTEIN THOMPSON LLP**
The Duval Foundry
1050 30th Street, NW
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

21

CLASS ACTION COMPLAINT

1

2

## **AFFIDAVIT OF TRACY TIEN**

3

I, Tracy Tien, declare as follows:

4

1.      I am an associate with the law firm Finkelstein Thompson LLP, counsel for

5

6

Plaintiff Todd Densmore and Plaintiff Antal Herz in this action. I am admitted to practice law

7

in California and before this Court, and am a member in good standing of the State Bar of

8

California. This declaration is made pursuant to California Civil Code section 1780(d). I make

9

this declaration based on my research of public records and also upon personal knowledge and,

10

if called upon to do so, could and would testify competently thereto.

11

2.      Defendant's principal place of business is within this District, as alleged in the

12

accompanying Class Action Complaint.

13

I declare under penalty of perjury under the laws of the United States on this 5 day of

14

May 2010 in San Francisco, California that the foregoing is true and correct.

15

16

17

Tracy Tien

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# JURAT

STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO

SUBSCRIBED AND SWORN TO (OR AFFIRMED) BEFORE ME,
**MARLYN ANO**, NOTARY PUBLIC, THIS _May 5_ , 2010
BY: _Tracy Tien_ ,
PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE TO
BE THE PERSON(S) WHO APPEARED BEFORE ME.

_____
MARLYN ANO, Notary Public

MARLYN ANO
COMM. # 1840288
NOTARY PUBLIC - CALIFORNIA
SAN FRANCISCO COUNTY
My Commission Expires March 21, 2013

## OPTIONAL INFORMATION

TITLE OF DOCUMENT: _Class Action Complaint Demand For Jury Trial_

DOCUMENT DATE: _5/5/10_

NUMBER OF PAGES _22_

OTHER SIGNERS: _None Other_